IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>TEAM FINANCIAL, INC.,<br>　　　　*Debtor.* | Case No. 09-10925<br>Chapter 11 |
| IN RE:<br><br>TEAM FINANCIAL ACQUISITION SUBSIDIARY, INC.,<br>　　　　*Debtor.* | Case No. 09-10926<br>Chapter 11 |
| IN RE:<br><br>POST BANCORP, INC.,<br>　　　　*Debtor.* | Case No. 09-10927<br>Chapter 11 |
| TEAM FINANCIAL, INC., TEAM FINANCIAL ACQUISITION SUBSIDIARY, INC., and POST BANCORP, INC.,<br>　　　　*Plaintiffs,*<br>v.<br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br>　　　　*Defendant.* | Adv. Case No. 09-5084<br><br><br><br><br><br>**FILED ELECTRONICALLY** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
FDIC'S MOTION AND SUPPLEMENTAL MOTION TO CLARIFY, VACATE, ALTER
OR AMEND THE COURT'S ORDER DENYING THE FDIC'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

The plaintiffs submit their response in opposition to the FDIC's Motion and Supplemental Motion to Clarify, Vacate, Alter or Amend this Court's order denying the FDIC's motion for partial summary judgment.

**I. INTRODUCTION**

The FDIC filed a motion for partial summary judgment setting out seven paragraphs of facts that it thought were sufficient for the Court to resolve the question of whether the FDIC or the

Debtors should receive the tax refunds at issue. Based on those facts and the additional uncontroverted facts set out by the plaintiffs, the Court denied the FDIC's motion.

Now, oddly, the FDIC asks the Court to "clarify" or, alternatively, to "vacate, alter, amend or supplement" the Court's decision "at the conclusion of this adversary proceeding" after, presumably, additional evidence will be presented. The relief requested by the FDIC is not appropriate under the applicable rules of procedure and the Court should overrule the motion.

## II. ARGUMENTS AND AUTHORITIES

### A. Denial of a Summary Judgment Motion is Not a "Final Judgment" and the Court Need Not Amend its Order to State As Much.

It is generally recognized that the denial of a summary judgment motion is not a final order subject to appeal. *Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 260, n. 9 (3d Cir. 2007). See also, *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 29, 59 P.3d 1003 (2002) (partial summary judgment is not a final order and citing cases holding that a "final order" is one that finally decides and disposes of entire merits of controversy and reserves no further questions or directions for future or further action of a court). As the FDIC recognizes in its brief, there are several other issues left to be resolved that would prohibit a finding that a final judgment was entered when the Court overruled the FDIC's summary judgment motion. Since the law on this topic is unmistakable, an amendment to the Court's order is not necessary.

In Re: Team Financial, Inc.; In Re: Team Financial Acquisition Subsidiary, Inc.; and In Re: Post Bancorp, Inc.
Case Nos.: 09-10925-11; 09-10926-11; and 09-10927-11
vs. FDIC - Adv. Case No. 09-5084
PLAINTIFFS' RESPONSE IN OPPOSITION TO FDIC'S MOTION AND SUPPLEMENTAL MOTION TO CLARIFY, VACATE, ALTER OR AMEND ORDER DENYING PARTIAL SUMMARY JUDGMENT
Page 3

### B. A Motion for Additional Findings, to Alter or Amend a Judgment, and For Relief From a Judgment Is Only Appropriate After Entry of a Final Order.

The FDIC filed its motion pursuant to Fed. R. Bankr. P. 7052, 9023 and 9024. Those rules incorporate, with some modifications, Fed. R. Civ. P. 52, 59 and 60. Each of those rules requires that there be a final judgment before they can be invoked. *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970)("The district court's denial of Time's motion for summary judgment on December 20, 1967, was an interlocutory order and thus not subject to being modified under Rule 60(b) . . . ." ); *Remington Products, Inc. v. North American Philips, Corp.*, 755 F.Supp. 52, 54 (D. Conn. 1991)(same); *Mendez v. Radec Corp.*, 411 F. Supp.2d 347, 349 (W.D. N.Y. 2006)("A motion to alter or amend pursuant to Rule 59 may not be filed prior to the entry of a final judgment . . . ."); and *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1237 (10th Cir. 2007)(A motion for additional findings under Rule 52(a) is only appropriate after a trial on the merits, not summary judgment). *See also,* Fed. R. Civ. P. 52(a)(3). Based on the above authority, the FDIC may not invoke any of the rules upon which it relies to modify the Court's order.

More substantive than procedural, however, there is no evidentiary basis to modify, alter or amend the Court's order. The Court decided the motion based on the limited facts presented. The FDIC has presented no new evidence (and would be prevented from doing so now) upon which the Court should have based its conclusions. Based on those facts, the Court ruled.

The Court ordered that the factual findings made in the order are deemed established under Fed. R. Civ. P. 56(d)(1) and Fed. R. Bankr. P. 7056, however there is nothing to prevent either the

plaintiffs or the FDIC from presenting additional evidence at a later trial or in another motion for summary judgment upon which the Court could base a different ruling. There is no factual or legal basis to vacate, alter or amend the judgment.

The FDIC's motion and supplemental motion should be overruled.

REDMOND & NAZAR, L.L.P.


 s/ W. Thomas Gilman
W. Thomas Gilman, #11867
245 N. Waco, Suite 402
Wichita, Kansas 67202
316-262-8361 / 316-263-0610 fax
wtgilman@redmondnazar.com
Attorneys for the Debtors

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 24, 2010, a true and correct copy of the above and foregoing was filed electronically with the U.S. Bankruptcy Court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to those requesting notice pursuant to Bankruptcy Rule 2002 and other interested parties.


 s/ W. Thomas Gilman
W. Thomas Gilman, #11867